William L. Pegg PC 5528
133 Washington Street
Morristown, N.J. 07960
(908) 540-0202
Attorney for the Debtor

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

In Re:

Vanessa C. Russy
    Debtor

Case Number 20-11528/VFP
Chapter 7

### BRIEF IN OPPOSITION TO CREDITORS MOTION
### TO COMPELL TRUSTEE TO TURN OVER
### DEBTORS EXEMPT FUNDS

There is no question, as a matter of law, that the marital debt evidenced in the claim of Lee Russy is not dischargeable under 11 USCA 523(a)(15). This, to my knowledge has never been the position of the trustee nor the debtor. Unfortunately, there is insufficient funds with which to pay this claim in full. Russy is now asking this court to order the trustee to pay the unpaid balance of this claim from the debtors $25,100 exemption in real estate sold by the trustee. Cited as authority for this action is Section 105 of the Bankruptcy Code.

Law vs. Siegel. 571 U.S. 415 (2014) seems to indicate that the equitable powers of the bankruptcy court should not be used to contravene the express provisions of the Code. The Homestead Exemption is plainly set forth in the code. There is certainly no alleged fraud or evidence of bad conduct on the part of the debtor which might warrant the use of the courts equitable powers. She has simply has claimed one of many exemptions to which she is entitled under Section 522 of the Bankruptcy Code.

The debtor is entitled to a fresh start. Certainly $25,100 will go a long way in that regard. What would become of the Fresh Start if all of the exemptions could all be surcharged simply because a listed debt, such as Student Loan and some Federal Taxes, are not dischargeable? The filing of this motion seems to be clearly designed to delay the release of the Homestead Exemption funds impairing the value of the exemption.

Respectfully submitted,

/s/ William L. Pegg Jr.

William L. Pegg Jr.

Attorney for the Debtor Vanessa C. Russy


Dated: 6/24/2020